**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No.   CC-14-1343-TaKuD |
| | ) |
| CRAIG HART, | ) Bk. No.   2:13-bk-17412-BR |
| | ) |
| Debtor. | ) Adv. No.  2:13-ap-01427-BR |
| _____ | ) |
| | ) |
| CRAIG HART, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **MEMORANDUM**[*] |
| | ) |
| BANK OF AMERICA HOME LOANS; | ) |
| BANK OF AMERICA CORPORATION; | ) |
| COUNTRYWIDE FINANCIAL | ) |
| CORPORATION; BANK OF NEW YORK | ) |
| MELLON; CWALT, INC.; | ) |
| RECONTRUST COMPANY; RECONTRUST | ) |
| N.A.; MORTGAGE ELECTRONIC | ) |
| REGISTRATION; LANDSAFE; | ) |
| COUNTRYWIDE HOME LOANS, | ) |
| | ) |
| Appellees.[**] | ) |
| _____ | ) |

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   On December 1, 2014, the BAP Clerk issued a conditional order of waiver advising appellees that they had until December 15, 2014 to file a brief.  They did not, and they have not otherwise appeared in this appeal.  As a result, the appellees waived their right to file a brief or appear at oral argument.

Submitted Without Oral Argument***
on June 18, 2015

Filed - June 24, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding

Appearances:   Appellant Craig Hart, pro se, on brief.

Before:  TAYLOR, DUNN, and KURTZ, Bankruptcy Judges.

**INTRODUCTION**

The bankruptcy court dismissed chapter 7[1] debtor Craig Hart's first amended adversary complaint for lack of standing. The Debtor appealed.  We AFFIRM the bankruptcy court.

**FACTS[2]**

In 2006, Carole Pinkey-Hart, the Debtor's wife, obtained a loan that allowed her to purchase residential real property in Los Angeles, California (the "Property").  The obligation to

---

*** After examination of the briefs and record, and after notice to the Debtor, in an order entered January 28, 2015, the Panel unanimously determined that oral argument was not needed for this appeal. See Fed. R. Bankr. P. 8019(b); 9th Cir. BAP Rule 8019-1.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

repay the loan was evidenced by a promissory note in favor of Countrywide Bank, N.A. and secured by a deed of trust against the Property. The deed of trust identified Mrs. Pinkey-Hart as the borrower, "a married woman [holding title to the Property] as her sole and separate property." The Debtor contemporaneously executed and recorded a quitclaim deed, in which he "remise[d], release[d] and quitclaim[ed]" any interest in the Property to Mrs. Pinkey-Hart.

Mrs. Pinkey-Hart eventually defaulted on the loan, and a non-judicial foreclosure followed. Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("BOFA") acquired title pursuant to a trustee's deed upon sale recorded in September of 2011.

BOFA then initiated an unlawful detainer action against Mrs. Pinkey-Hart in California state court. Almost a year and a half later, in March 2013, it obtained a judgment for restitution and possession of the Property. It later acquired a writ of possession.

Just four days after entry of the unlawful detainer judgment, the Debtor, pro se, filed a chapter 13 petition. Mrs. Pinkey-Hart was not a joint debtor. In addition to credit card debt, the Debtor scheduled the Property with a current value of $97,000 as an asset and listed Bank of America as a creditor, with a claim secured by the Property in an amount "TBD." Soon thereafter, the Debtor voluntarily converted to

3

chapter 7.[3]

The Debtor then commenced an adversary proceeding against BOFA, the substituted trustee, and other banks and mortgage industry entities (collectively, the "Defendants"). An amended adversary complaint ("FAC") alleged fraud and forgery in relation to the assignment of the deed of trust and, thus, alleged that the foreclosure was invalid.

The Defendants moved to dismiss the FAC pursuant to Civil Rule 12(b)(6). Among other things, they argued that dismissal with prejudice was warranted based on the Debtor's lack of standing to bring the claims in the adversary proceeding as he had no ownership interest in the Property and was not a party to the loan secured by the deed of trust and as such claims could only be asserted by the chapter 7 trustee.

The Debtor opposed, arguing that his claims were properly pled and reiterating his arguments of fraud and forgery. He, however, never addressed BOFA's standing argument; his only reference to standing focused on BOFA as he stated that it had "refused to establish, and in fact obfuscate [sic] who really ha[d] the legal standing to foreclose."

After a hearing on the motion, the bankruptcy court agreed with the Defendants and entered an order dismissing the FAC with prejudice. The Debtor timely appealed.[4]

---

[3] In the bankruptcy case, BOFA later moved for and obtained a stay relief order based on its unlawful detainer judgment.

[4] While this appeal was pending, the Debtor received his chapter 7 discharge on September 3, 2013.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court erred by dismissing the FAC.

**STANDARD OF REVIEW**

We review de novo the bankruptcy court's dismissal under Civil Rule 12(b)(6). Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. BAP 2011).

**DISCUSSION**

Under Civil Rule 12(b)(6), made applicable in adversary proceedings by Rule 7012, the bankruptcy court may dismiss an adversary complaint for "failure to state a claim upon which relief can be granted." It may rely on judicially noticed facts to establish that an adversary complaint does not state a claim for relief. See Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). And, it may consider the existence and content of documents referenced in the complaint when authenticity is uncontested and the plaintiff necessarily relied upon such documents in his complaint. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).

On appeal, the Debtor again fails to address **his** lack of standing to pursue the claims in the adversary proceeding. Instead, he argues the merits of the litigation. As a result, he waived the ability to contest the bankruptcy court's determination that he lacked standing. See Padgett v. Wright,

5

587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (arguments "not specifically and distinctly raised and argued in appellant's opening brief" are deemed waived). As this was the only issue legitimately before us on appeal, we must affirm.

But, based upon our review the record, we conclude that the bankruptcy court did not err when it dismissed the FAC. The record confirms that at the time of the loan, the creation and assignment of the related trust deed, and the foreclosure under that trust deed, the Debtor was not a borrower of loan proceeds, a trustor of the trust deed, or an owner of the Property. Upon purchase in 2006, Mrs. Pinkey-Hart took legal title to the Property as her sole and separate property, and the Debtor contemporaneously executed and recorded a quitclaim deed, in which he disclaimed any interest in the Property. The Debtor, thus, had no legal interest in the Property. See Cal. Evid. Code § 662; see also Wolfe v. Jacobson (In re Jacobson), 676 F.3d 1193, 1201 (9th Cir. 2012).

To the extent that the Debtor had a possessory interest in the Property,[5] any such interest was insufficient to confer standing in a dispute which challenged the loan, loan documents, and foreclosure under the trust deed securing Mrs. Pinkey-Hart's obligation to repay the loan. Standing exists only for those parties who demonstrate that the conduct complained of caused an "injury in fact" to them and that a favorable judgment would

---

[5] The record does not establish that the Debtor had such a possessory interest at the time that this appeal was initiated or continues to be in possession as of the date of this Memorandum.

6

redress this injury. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). Here, the only rights and injuries at issue, if any, in the adversary proceeding and on appeal appropriately belonged to Mrs. Pinkey-Hart.

And finally, if the Debtor's ephemeral relation to the loan and resultant foreclosure actually created legitimate claims, those claims belonged to his chapter 7 estate, and only the chapter 7 trustee was entitled to pursue them. While this appeal was pending, the Debtor received his chapter 7 discharge; but, the bankruptcy case remains open and the trustee has never abandoned these unscheduled claims.

**CONCLUSION**

Based on the foregoing, we AFFIRM.